from the record in the other case that an appeal bond was filed, which staid further proceedings, this proceeding seems all the more remarkable."

Opinion by Boyd, J., filed January 5th, 1897.

---

The other appeal in the same record was from the refusal of the Court below to allow the plaintiff to file an "ancillary bill of complaint," after the original bill had been dismissed by decree and an appeal taken. In affirming this order this Court said (Boyd, J., delivering the opinion), that "even after a Court of Equity has sustained a demurrer to a bill, it can grant leave to amend, if it can be seen that the defects can be remedied by amendment, and the Court is of the opinion that substantial justice requires it. But when an application to amend is not made within a reasonable time and the bill is dismissed, it is out of Court and there is nothing to amend. In this case instead of asking the Court to strike out the decree dismissing the bill so it could amend, the appellant took an appeal. The case was thus beyond the right of the plaintiff to amend or to file a supplemental or "ancillary" bill. But in addition to that the reasons assigned in the petition were not sufficient to authorize the interposition of a Court of Equity. The order of the Court in refusing to allow the plaintiff to file an "ancillary bill" must be affirmed."

Submitted on briefs by *Thos. C. Chappell,* for the appellant, and *Barton & Wilmer* and *James M. Ambler,* for the appellee.

No. 59, October term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 817, of "Opinions Unreported."

---

## THE CHAPPELL CHEMICAL AND FERTILIZER CO. *vs.* THE SULPHUR MINES CO. ET AL.

*Dismissal of Appeal Prematurely Taken.*

Appeal from the Superior Court of Baltimore City. *Dismissed.*

The defendant below, now appellant, pleaded the general issue to plaintiff's declaration, and since neither party demanded a jury trial, the case was put upon the docket of non-jury cases in accordance with the rules of the common law Courts of Baltimore City.   Long after the time within which a jury trial could be demanded, the defendant filed a demand for the same.   The Court below passed an order assigning the case for trial and defendant appealed.   *Held*, that the appeal must be dismissed, the same having been taken before any final judgment and before defendant's motion for a jury trial had been disposed of.

Opinion by FOWLER, J., filed December 3rd, 1896. *Barton & Wilmer* for the appellees.

No. 25, October term, 1896.   Recorded in Liber J. S. F., No. 2, etc., folio 816, of " Opinions Unreported."

---

## THE CHAPPELL CHEMICAL AND FERTILIZER CO. *vs.* THE SULPHUR MINES CO. OF VA.

*Non-Jury Trials in Baltimore City—Removal of Cases.*

Appeal from the Superior Court of Baltimore City. *Affirmed.*

The rule of the common law Courts in Baltimore City requiring all civil cases to be tried without a jury, unless a jury trial is specially asked for within a limited time, is constitutional, the rule having been passed in pursuance of the Constitution, Art. 4, sec. 39, as amended under the Act of 1892, chap. 313.

Where there has been no demand for a jury trial within the time prescribed and the case is subsequently removed to another Court, a party has no right to demand a jury trial in such other Court.

Where a case is removed upon suggestion and affidavit from one Court in Baltimore City to another, the fact that the case may come on to be tried before the same *Judge* is immaterial, since the object of the Constitutional provision